UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 14-70594-M-13 |
| | § | |
| DOUGLAS W. DENNY & | § | CHAPTER 13 |
| MONICA L. DENNY, | § | |
| Debtors | § | |
| | § | JUDGE RICHARD S. SCHMIDT |

DEBTORS' OBJECTION
TO
PROOF OF CLAIM #8
FILED BY DAVID J. LUMBER,
AURHORIZED AGENT FOR D & N FUNDING, INC.

> This is an objection to your claim. The objecting party is asking the court to disallow the claim that you filed in this bankruptcy case. You should immediately contact the objecting party to resolve the dispute. If you do not reach an agreement, you must file a response to this objection and send a copy of your response to the objecting party within 30 days after the objection was served on you. Your response must state why the objection is not valid. If you do not file a response within 30 days after the objection was served on you, your claim may be disallowed without a hearing.
>
> A hearing has been set on this matter on Wednesday JANUARY 21, **2015 AT 9:00 A.M., AT THE UNITED STATES FEDERAL COURTHOUSE, 1701 WEST BUSINESS 83, McALLEN, TEXAS.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

     COME NOW, Douglas & Monica Denny, (herein " Debtors"), and file this objection to the Proof of claim filed by David J. Lumber, Authorized Agent for D & N Funding, Inc. (herein "D & N") Claim #8, and in support would respectfully show the following:

### I.   Jurisdiction & Venue

     1.     The District Court has jurisdiction pursuant to 28 U.S.C. § 1334(b). This matter has been referred to the Bankruptcy Court by General Order 2005–12. Venue is proper in the U.S. Bankruptcy Court of the Southern District of Texas McAllen Division as this is the location of the Debtors' residence and bankruptcy filing. The predicates for the relief requested herein are Rule 3002.1 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §502.

## II. Core Proceeding

2. This is a core proceeding under 28 USC §157(a);(b);(b)(2)(A); (B); & (O). Since this is a core proceeding, the Bankruptcy Court has constitutional authority to enter final orders regarding Debtors' objection. Additionally, Debtors aver that to the extent that any of the Findings of Fact are considered Conclusions of Law, Debtors request that they be adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, Debtors request that they are adopted as such. Further, to the extent that the Court determines that it does not have authority to enter a final judgment on a portion and/or all of Debtors' claims, Debtors request that the Court issue a report and recommendation for a judgment to the United States District Court for the Southern District of Texas, McAllen Division.

## III. Case Facts

3. The Debtors filed for relief pursuant to Title 11, Chapter 13 of the United States Bankruptcy Code on November 3, 2014. Cindy Boudloche was appointed Chapter 13 Panel Trustee. A Plan has not yet been confirmed.

4. As part of the bankruptcy schedules, Debtors listed their homestead property as All Of lot 16, Heritage Oaks Subdivision, Phase I, an addition to the city of Edinburg, Hidalgo County, Texas, according to the map or plat thereof recorded in volume 24, page 139A, Map Records of Hidalgo County, Texas also known as 1924 Pin Oak Edinburg, Tx 78539.

5. On December 4, 2014, D&N file a secured proof of claim in the total amount of $83,422.26, reflecting $6,807.30 arrears were due at time of filing, (herein "Claim") which is attached hereto as **Exhibit #1**.

6. The Debtors would aver, based on information and belief, that this Claim should not be allowed as filed because: (i) a complete loan history was not provided pursuant to BLR 3001-1; (ii) the pre-petition arrearage claim cannot be verified by the Debtors; (iii) The Deed of Trust indicates the Lender to be Mutual Equity L.P. a Texas Limited Partnership. The Warranty Deed With Vendor's Lien also indicates the Grantor to be Mutual Equity L.P. a Texas Limited Partnership. D & N failed to attach any and all transfers and assignment of the Deed of Trust and Warranty Deed With The Vendor's Lien to itself; (iv) the Claim indicates late charges of $230.80, however the loan history attached to the claim does not reflect any late charges or for which months such charges were incurred; (v) upon information and belief, the principal balance of the loan is incorrect because the calculation of past due interest was not properly calcuated.

## IV. Argument & Authorities

7. 11 U.S.C. §502 "Allowance of claims or interests states that a claim is deemed

allowed unless objected to and after notice and a hearing the Court shall determine the amount of the allowed claim unless the claim should be disallowed under one of the enumerated code sections. Pursuant to 11 U.S.C. §502(b)(1) such claim as filed is unenforceable against the Debtors and property of the Debtors under any agreement or applicable law because the alleged arrearage claim cannot be verified.

8. BLR 3001-1 requires that the claimant provide a complete loan history regarding the Debtors' residential home mortgage dating back to at least one month before the alleged default.

WHEREFORE PREMISES CONSIDERED, Douglas & Monica Denny, Debtors, pray that the Court not allow the secured claim filed by D & N Funding, Inc, Claim #8, as filed; and that the Court Grant Debtors any and all further relief as is just and proper.

>Respectfully Submitted,
>MALAISE LAW FIRM
>
>BY: */s/ Eduardo V. Rodriguez*
>Eduardo V. Rodriguez
>TBN. 00795621
>Fed I.D. 19945
>1265 North Expressway 83
>Brownsville, TX 78520
>(956) 547-9638
>(956) 547-9630
>Attorney-In-Charge for Debtors

\

**Certificate of Conference**

I certify that On December 4, 2014, I communicated with David J. Lumber regarding my objection and such matter was not resolved prior to the filing of this Objection.

/s/ Eduardo V. Rodriguez
Eduardo V. Rodriguez

**Certificate Of Service**

I certify that a true and correct copy of the foregoing was served on the date that it was filed electronically. Service was accomplished by regular First Class U.S. mail, unless otherwise requested by electronic mailing, to the following:

CHAPTER 13 TRUSTEE
Cindy Boudloche
555 N. Carancahua, Suite 600
Corpus Christi, TX 78478

U.S. Trustee
606 N. Caranacahua, Suite 1107
Corpus Christi, TX 78476

DEBTORS:
Douglas & Monica Denny
1924 Pin Oak Road
Edinburg, Texas 78539

CREDITOR
David J. Lumber, Authorized
Agent For D & N Funding, Inc.
4201 North McColl
McAllen, Texas 78504

/s/ Eduardo V. Rodriguez
Eduardo V. Rodriguez

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| RE: | § | CASE NO. 14-70594-M-13 |
| | § | |
| **DOUGLAS W. DENNY and** | § | |
| **MONICA L. DENNY,** | § | |
| | § | |
| **DEBTORS** | § | CHAPTER 13 |

**DEBTORS' AFFIDAVIT**

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF HIDALGO | § |

BEFORE ME, the undersigned authority, on this day personally appeared, Douglas & Monica Denny, Debtors, who being first duly sworn, on oath stated as follows:

1. Our names are Douglas & Monica Denny, and we are the Debtors in the above entitled and numbered case;
2. We testify under penalty of perjury as to the facts stated herein and they are true and correct;
3. We are over the age of 18 years and competent to execute this Affidavit;
4. We swear and/or affirm that we are personally knowledgeable and familiar with of all the facts stated herein.

    /s/ Douglas Denny
Douglas Denny, Debtor

    /s/ Monica Denny
Monica Denny Joint- Debtor

SUBSCRIBED AND SWORN TO BEFORE ME, on the <u>8th</u> day of December, 2014 by Douglas & Monica Denny.

    /s/   Dana Cortez
Notary Public, State of Texas
Printed Name: <u>Dana Cortez</u>
My Commission Expires February 12, 2018

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor: Douglas Denny & Monica Lena Denny | Case Number: 14-70594 (Chapter 13) | |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
D & N Funding, Inc.

Name and address where notices should be sent:
David Lumber
4201 N. McColl Rd., McAllen, Texas 78504

Telephone number: (956) 618-3000    email: dlumber@guerralawgroup.com

Name and address where payment should be sent (if different from above):
D & N Funding
PO Box 3723
McAllen, Texas 78504

Telephone number: (956) 682-2835    email:

**COURT USE ONLY**

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
(*If known*)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $ 83,422.26

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Mortgage
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** _____

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a)

**3b. Uniform Claim Identifier (optional):** _____
(See instruction #3b)

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☑ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property: $ 109,000.00

Annual Interest Rate 9.000 % ☑ Fixed   or   ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$ 6,807.30

Basis for perfection: mortgage/deed of trust

Amount of Secured Claim: $ 83,422.26

Amount Unsecured: $ _____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

Amount entitled to priority:
$ _____

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

EXHIBIT # 1

B10 (Official Form 10) (04/13)                                                                                                                                  2

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.   ☑ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: David J. Lumber
Title: Attorney
Company:
Address and telephone number (if different from notice address above):
4201 N. McColl Rd.
McAllen, Texas 78504

/s/ David J. Lumber                            12/04/2014
(Signature)                                    (Date)

Telephone number (956) 618-3000     email: dlumber@guerralawgroup.com

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

EXHIBIT # 1

B10 (Official Form 10) (04/13)

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

EXHIBIT # 1

B 10A (Attachment A) (12/11)

# Mortgage Proof of Claim Attachment

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See Bankruptcy Rule 3001(c)(2).

| | | | |
|---|---|---|---|
| Name of debtor: | Douglas Denny & Monica Lena Denny | Case number: | 14-70594 |
| Name of creditor: | D & N Funding, Inc. | Last four digits of any number you use to identify the debtor's account: | |

## Part 1: Statement of Principal and Interest Due as of the Petition Date

Itemize the principal and interest due on the claim as of the petition date (included in the Amount of Claim listed in Item 1 on your Proof of Claim form).

1. Principal due     (1) $ 78,349.35

2. Interest due

| Interest rate | From mm/dd/yyyy | To mm/dd/yyyy | Amount |
|---|---|---|---|
| 9.00 % | 01/01/2014 | 07/08/2014 | $ 1,613.97 |
| 19.00 % | 07/06/2016 | 11/03/2014 | $ 2,279.64 |
| % | | | + $ |

Total interest due as of the petition date    $ 3,893.61    Copy total here ▶ (2) + $ 3,893.61

3. Total principal and interest due     (3) $ 82,242.96

## Part 2: Statement of Prepetition Fees, Expenses, and Charges

Itemize the fees, expenses, and charges due on the claim as of the petition date (included in the Amount of Claim listed in Item 1 on the Proof of Claim form).

| Description | Dates Incurred | | Amount |
|---|---|---|---|
| 1. Late charges | 1/6/2014-11/3/2014 | (1) | $ 230.80 |
| 2. Non-sufficient funds (NSF) fees | | (2) | $ |
| 3. Attorney's fees | 8/21/2014-11/3/2014 | (3) | $ 948.50 |
| 4. Filing fees and court costs | | (4) | $ |
| 5. Advertisement costs | | (5) | $ |
| 6. Sheriff/auctioneer fees | | (6) | $ |
| 7. Title costs | | (7) | $ |
| 8. Recording fees | | (8) | $ |
| 9. Appraisal/broker's price opinion fees | | (9) | $ |
| 10. Property inspection fees | | (10) | $ |
| 11. Tax advances (non-escrow) | | (11) | $ |
| 12. Insurance advances (non-escrow) | | (12) | $ |
| 13. Escrow shortage or deficiency (Do not include amounts that are part of any installment payment listed in Part 3.) | | (13) | $ |
| 14. Property preservation expenses. Specify: | | (14) | $ |
| 15. Other. Specify: | | (15) | $ |
| 16. Other. Specify: | | (16) | $ |
| 17. Other. Specify: | | (17) + | $ |
| 18. Total prepetition fees, expenses, and charges. Add all of the amounts listed above. | | (18) | $ 1,179.30 |

EXHIBIT # 1

B 10A (Attachment A) (12/11)                                                                                                  Page 2

## Part 3. Statement of Amount Necessary to Cure Default as of the Petition Date

Does the installment payment amount include an escrow deposit?

☐ No

☒ Yes   Attach to the Proof of Claim form an escrow account statement prepared as of the petition date in a form consistent with applicable nonbankruptcy law.

1. **Installment payments due**

   Date last payment received by creditor: 07/08/2014 (mm/dd/yyyy)

   Number of installment payments due: (1) 7

2. **Amount of installment payments due**

   7 installments @ $ 804.00

   ___ installments @ $ _____

   ___ installments @ + $ _____

   Total installment payments due as of the petition date: $ 5,628.00    Copy total here ▶ (2) $ 5,628.00

3. **Calculation of cure amount**

   Add total prepetition fees, expenses, and charges    Copy total from Part 2 here ▶ + $ 1,179.30

   Subtract total of unapplied funds (funds received but not credited to account)    − $ _____

   Subtract amounts for which debtor is entitled to a refund    − $ _____

   Total amount necessary to cure default as of the petition date    (3) $ 6,807.30

   Copy total onto Item 4 of Proof of Claim form

EXHIBIT # 1

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

## DEED OF TRUST
### Terms

Date: JUNE 6, 2007

Grantor: DOUGLAS WAYNE DENNY AND WIFE, MONICA LENA DENNY

Grantor's Mailing Address:

> 1924 PIN OAK
> EDINBURG, TEXAS 78539
> HIDALGO COUNTY

Trustee: THOMAS P. WINGATE, JR.

Trustee's Mailing Address:   315 NOLANA
MCALLEN, TEXAS 78504
HIDALGO COUNTY

Lender: MUTUAL EQUITY, L.P., A TEXAS LIMITED PARTNERSHIP

Lender's Mailing Address:

> P.O. BOX 3441
> MCALLEN, TEXAS 78502
> HIDALGO COUNTY

Note

Date: JUNE 6, 2007

Original principal amount: $82,000.00

Borrower: DOUGLAS WAYNE DENNY AND WIFE, MONICA LENA DENNY

Lender: MUTUAL EQUITY, L.P., A TEXAS LIMITED PARTNERSHIP

Maturity date: JUNE 6, 2037

Terms of Payment: As provided in the note.

**Property (including any improvements):**

All of Lot 16, HERITAGE OAKS SUBDIVISION, Phase I, an addition to the City of Edinburg, Hidalgo County, Texas, according to the map or plat thereof recorded in Volume 24, Page 139A, Map Records of Hidalgo County, Texas.

Prior Lien: None

**Other Exceptions to Conveyance and Warranty:**

A. Visible and apparent easements on or across the land herein described.

B. Statutory rights in favor of Hidalgo County Irrigation District No. 1, pursuant to applicable sections of the Texas Water Code.

C. Easements in favor of Hidalgo County Irrigation District No. 1.

D. SAVE AND EXCEPT 1/2 of 1/8th non-participating royalty interest of all oil, gas and other minerals, as described in instrument recorded in Volume 850, Page 340, Deed Records of Hidalgo County, Texas, reference to which instrument is here made for all purposes.

E. Reservation of all oil, gas and other minerals, as described in instrument dated June 26, 1985, recorded in Volume 2153, Page 762, Deed Records of Hidalgo County, Texas, reference to which instrument is here made for all purposes.

DEED OF TRUST                                                                                                                         1

EXHIBIT # 1

F.  Terms, conditions and stipulations contained in Oil, Gas and Mineral Lease dated September 20, 1947, recorded in Volume 74, Page 465 and unitized in Volume 97, Page 223, both of the Oil and Gas Records of Hidalgo County, Texas.

G.  CONTRACT, EASEMENT and USE RESTRICTION dated September 16, 1985, entered into by and between Central Power and Light Company, a Texas Corporation and Palmetto Development Corporation, recorded in Volume 2205, Page 93, Official Records of Hidalgo County, Texas.

H.  Easement as reserved in instrument dated January 31, 1952, recorded in Volume 740, Page 542, Deed Records of Hidalgo County Texas.

I.  Easements, building setback lines, and other conditions and reservations as shown on and/or as contained in the General Notes of the subdivision plat.

J.  Restrictions as contained in the Notes of the subdivision plat herein referred to recorded in Volume 24, Page 139A, Map Records of Hidalgo County, Texas, but deleting any covenant, condition or restriction indicating a preference, limitation or discrimination based on race, color, religion, sex, handicap, familial status, or national origin unless and only to the extent that said covenant (a) is exempt under Chapter 42, Section 3607 of the United States Code or (b) relates to handicap but does not discriminate against handicapped persons.

K.  Standby fees, taxes and assessments by any taxing authority for the year 2007 and subsequent years.

For value received and to secure payment of the Note, Grantors convey the Property to Trustee in trust. Grantors warrant and agree to defend the title to the Property, subject to the Other Exceptions to Conveyance and Warranty. On payment of the Note and all other amounts secured by this deed of trust, this deed of trust will have no further effect, and Lender will release it at Grantors' expense.

**Clauses and Covenants**

A.  **Grantors' Obligations**

Grantors agree to-

1. keep the Property in good repair and condition;

2. pay all taxes and assessments on the Property before delinquency;

3. defend title to the Property subject to the Other Exceptions to Conveyance and Warranty and preserve the lien's priority as it is established in this deed of trust;

4. maintain, in a form acceptable to Lender, an insurance policy that-

    a. covers all improvements for their full insurable value as determined when the policy is issued and renewed, unless Lender approves a smaller amount in writing;

    b. contains an 80 percent coinsurance clause;

    c. provides fire and extended coverage, including windstorm coverage;

    d. protects Lender with a standard mortgage clause;

    e. provides flood insurance at any time the Property is in a flood hazard area; and

    f. contains such other coverage as Lender may reasonably require;

5. comply at all times with the requirements of the 80 percent coinsurance clause;

6. deliver the insurance policy to Lender within ten days of the date of this deed of trust and deliver renewals to Lender at least fifteen days before expiration;

7. obey all laws, ordinances, and restrictive covenants applicable to the Property;

8. keep any buildings occupied as required by the insurance policy; and

9. if the lien of this deed of trust is not a first lien, pay or cause to be paid all prior lien notes and abide by or cause to be abided by all prior lien instruments.

B.  **Lender's Rights**

1. Lender may appoint in writing a substitute trustee, succeeding to all rights and responsibilities of

Trustee.

2. If the proceeds of the Note are used to pay any debt secured by prior liens, Lender is subrogated to all the rights and liens of the holders of any debt so paid.

3. Lender may apply any proceeds received under the insurance policy either to reduce the Note or to repair or replace damaged or destroyed improvements covered by the policy. If the Property is Grantors' primary residence and Lender reasonably determines that repairs to the improvements are economically feasible, Lender will make the insurance proceeds available to Grantors for repairs.

4. Notwithstanding Note terms to the contrary, and unless applicable law prohibits, all payments received by Lender from Grantors under the Note or this deed of trust may, at Lender's discretion, be applied first to amounts payable under this deed of trust and then to amounts due and payable to Lender under the Note, to be applied to late charges, principal, or interest in the order Lender in its discretion determines.

5. If Grantors fail to perform any of Grantors' obligations, Lender may perform those obligations and be reimbursed by Grantors on demand for any amounts so paid, including attorney's fees, plus interest on those amounts from the dates of payment at the rate stated in the Note for matured, unpaid amounts. The amount to be reimbursed will be secured by this deed of trust.

6. If there is a default on the Note or if Grantors fail to perform any of Grantors' obligations and the default continues after any required notice of the default and the time allowed to cure, Lender may-

   a. declare the unpaid principal balance and earned interest on the Note immediately due;

   b. direct Trustee to foreclose this lien, in which case Lender or Lender's agent will cause notice of the foreclosure sale to be given as provided by the Texas Property Code as then in effect; and

   c. purchase the Property at any foreclosure sale by offering the highest bid and then have the bid credited on the Note.

7. Lender may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.

C. **Trustee's Rights and Duties**

If directed by Lender to foreclose this lien, Trustee will-

1. either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then in effect;

2. sell and convey all or part of the Property "AS IS" to the highest bidder for cash with a general warranty binding Grantors, subject to the Prior Lien and to the Other Exceptions to Conveyance and Warranty and without representation or warranty, express or implied, by Trustee;

3. from the proceeds of the sale, pay, in this order-

   a. expenses of foreclosure, including a reasonable commission to Trustee;

   b. to Lender, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;

   c. any amounts required by law to be paid before payment to Grantors; and

   d. to Grantors, any balance; and

4. be indemnified by Lender against all costs, expenses, and liabilities incurred by Trustee for acting in the execution or enforcement of the trust created by this deed of trust, which includes all court a other costs, including attorney's fees, incurred by Trustee in defense of any action or proceeding taken against Trustee in that capacity.

D. **General Provisions**

1. If any of the Property is sold under this deed of trust, Grantors must immediately surrender possession to the purchaser. If Grantors fail to do so, Grantors will become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

2. Recitals in any trustee's deed conveying the Property will be presumed to be true.

3. Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

then the Payee may at his option declare the outstanding principal balance of the Note, plus accrued interest, to be immediately due and payable. The creation of a subordinate lien, any sale thereunder, any deed under threat or order of condemnation, any conveyance solely between grantors, the passage of title by reason of the death of a grantor or by operation of law shall not be construed as a sale or conveyance of the Property.

20.  Grantor shall, in addition to the principal and interest installments, deposit with the Beneficiary a pro rata part of the estimated annual ad valorem taxes on the Property. These tax deposits are only estimates and may be insufficient to pay total taxes. Grantor shall pay any deficiency within 30 days after notice from Beneficiary. Grantor's failure to pay the deficiency shall constitute a default under the Deed of Trust. In the event any superior lienholder on the Property is collecting escrow payments for taxes and insurance, this Paragraph shall be inoperative so long as payments are being made to the superior lienholder.

_____
DOUGLAS WAYNE DENNY

_____
MONICA LENA DENNY

STATE OF TEXAS            )
COUNTY OF HIDALGO    )

This instrument was acknowledged before me on _____, 2007, by DOUGLAS WAYNE DENNY.

_____
Notary Public, State of Texas

STATE OF TEXAS            )
COUNTY OF HIDALGO    )

This instrument was acknowledged before me on _____, 2007, by MONICA LENA DENNY.

_____
Notary Public, State of Texas

**PREPARED IN THE OFFICE OF:**
GF#14765 LPG
WINGATE LAW OFFICES
315 NOLANA
McALLEN, TEXAS 78504
(TITLEDOCS\14765-DOT;ju)

**AFTER RECORDING RETURN TO:**
D & N FUNDING, INC., A TEXAS CORPORATION
P.O. BOX 3441
MCALLEN, TEXAS 78502

DEED OF TRUST                                                                                                 5

EXHIBIT # 1

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

## WARRANTY DEED WITH VENDOR'S LIEN

**Date:** JUNE 6, 2007

**Grantor:** MUTUAL EQUITY, L.P., A TEXAS LIMITED PARTNERSHIP

**Grantor's Mailing Address:**

> P.O. BOX 3441
> MCALLEN, TEXAS 78502
> HIDALGO COUNTY

**Grantee:** DOUGLAS WAYNE DENNY AND WIFE, MONICA LENA DENNY

**Grantee's Mailing Address:**

> 1924 PIN OAK
> EDINBURG, TEXAS 78539
> HIDALGO COUNTY

**Consideration:** Cash and a note of even date that is in the principal amount of EIGHTY TWO THOUSAND AND NO/100THS DOLLARS ($82,000.00) and is executed by Grantee, payable to the order of Grantor. It is secured by a vendor's lien retained in this deed and by a deed of trust of even date from Grantee to THOMAS P. WINGATE, JR. Trustee.

**Property (including any improvements):**

> All of Lot 16, HERITAGE OAKS SUBDIVISION, Phase I, an addition to the City of Edinburg, Hidalgo County, Texas, according to the map or plat thereof recorded in Volume 24, Page 139A, Map Records of Hidalgo County, Texas.

As a material part of the Consideration for this deed, Grantor and Grantee agree that Grantee is taking the Property "AS IS" with any and all latent and patent defects and that there is no warranty by Grantor that the Property has a particular financial value or is fit for a particular purpose. Grantee acknowledges and stipulates that Grantee is not relying on any representation, statement, or other assertion with respect to the Property condition but is relying on Grantee's examination of the Property. Grantee takes the Property with the express understanding and stipulation that there are no express or implied warranties except for limited warranties of title set forth in this Deed.

**Reservations From and Exceptions to Conveyance and Warranty:**

A.  Visible and apparent easements on or across the land herein described.

B.  Statutory rights in favor of Hidalgo County Irrigation District No. 1, pursuant to applicable sections of the Texas Water Code.

C.  Easements in favor of Hidalgo County Irrigation District No. 1.

D.  SAVE AND EXCEPT 1/2 of 1/8th non-participating royalty interest of all oil, gas and other minerals, as described in instrument recorded in Volume 850, Page 340, Deed Records of Hidalgo County, Texas, reference to which instrument is here made for all purposes.

E.  Reservation of all oil, gas and other minerals, as described in instrument dated June 26, 1985, recorded in Volume 2153, Page 762, Deed Records of Hidalgo County, Texas, reference to which instrument is here made for all purposes.

F.  Terms, conditions and stipulations contained in Oil, Gas and Mineral Lease dated September 20, 1947, recorded in Volume 74, Page 465 and unitized in Volume 97, Page 223, both of the Oil and Gas Records of Hidalgo County, Texas.

G.  CONTRACT, EASEMENT and USE RESTRICTION dated September 16, 1985, entered into by and between Central Power and Light Company, a Texas Corporation and Palmetto Development Corporation, recorded in Volume 2205, Page 93, Official Records of Hidalgo County, Texas.

H. Easement as reserved in instrument dated January 31, 1952, recorded in Volume 740, Page 542, Deed Records of Hidalgo County Texas.

I. Easements, building setback lines, and other conditions and reservations as shown on and/or as contained in the General Notes of the subdivision plat.

J. Restrictions as contained in the Notes of the subdivision plat herein referred to recorded in Volume 24, Page 139A, Map Records of Hidalgo County, Texas, but deleting any covenant, condition or restriction indicating a preference, limitation or discrimination based on race, color, religion, sex, handicap, familial status, or national origin unless and only to the extent that said covenant (a) is exempt under Chapter 42, Section 3607 of the United States Code or (b) relates to handicap but does not discriminate against handicapped persons.

K. Standby fees, taxes and assessments by any taxing authority for the year 2007 and subsequent years.

Grantor, for the Consideration and subject to the Reservations from Conveyance and the Exceptions to Conveyance and Warranty, grants, sells, and conveys to Grantee the Property, together with all and singular the rights and appurtenances thereto in any way belonging, to have and to hold it to Grantee and Grantee's heirs, successors, and assigns forever. Grantor binds Grantor and Grantor's heirs and successors to warrant and forever defend all and singular the Property to Grantee and Grantee's heirs, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the Reservations from Conveyance and the Exceptions to Conveyance and Warranty.

The vendor's lien against and superior title to the Property are retained until each note described is fully paid according to its terms, at which time this deed will become absolute.

When the context requires, singular nouns and pronouns include the plural.

MUTUAL EQUITY, L.P., A TEXAS LIMITED PARTNERSHIP

BY: MAJESTIC ASSET MANAGEMENT, INC., A TEXAS CORPORATION

ITS: GENERAL PARTNER

BY: _____
RUSSELL NASH, VICE PRESIDENT

STATE OF TEXAS        )

COUNTY OF HIDALGO     )

This instrument was acknowledged before me on _____, 2007, by RUSSELL NASH, Vice President of MAJESTIC ASSET MANAGEMENT, INC., A TEXAS CORPORATION, as general partner of MUTUAL EQUITY, L.P., A TEXAS LIMITED PARTNERSHIP, on behalf of said partnership.

_____
Notary Public, State of Texas

**PREPARED IN THE OFFICE OF:**

GP#14765 LPG
WINGATE LAW OFFICES
315 NOLANA
McALLEN, TEXAS 78504
(TITLEDOCS\14765-WDVL\ju)

**AFTER RECORDING RETURN TO:**
DOUGLAS WAYNE DENNY
MONICA LENA DENNY
1924 PIN OAK
EDINBURG, TEXAS 78539

**D&N Funding, Inc.**
P.O. Box 3723
McAllen, TX 78502

: 956-682-2835

**Payment History**

Reference
──────────────
Denny.DennyDoug-RC D&N
Printed: 12/03/14    Period: 01/01/14 - 12/31/14

Contact information
──────────────
Douglas Denny
1924 Pin Oak
Edinburg, TX 78539

Additional information
──────────────
1924 Pin Oak Edinburg TX 78539
Monica Denny 1924 Pin Oak Edinburg TX 78539

W: 330-0483

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Regular pmt: | 659.79 | Int rate: | 9.000 | Rem pmts: | 279 | Orig bal: | 82000.00 |
| Escrow pmt: | 144.21 | Int calc: | Fixed | Per diem: | 19.32 | Orig date: | 06/06/07 |
| Service fee: | 0.00 | Pmt type: | USRule 365 m | Next due: | 04/06/14 | Maturity: | 06/06/37 |
| Total pmt: | 804.00 | NSF fee: | 25.00 | Arrears: | 7632.42 | | |
| Ord/Day/LFee: 2/10 | 32.98 | | | | | | |
| Total if late: | 836.98 | | | | | | |

| Pay Date | Due/Type | | Amount | Applied/Ref | Interest | Principal | Balance | Escrow | Late | Svc |
|---|---|---|---|---|---|---|---|---|---|---|
| 04/03/14 | 11/06/13 | R | 842.94 | 5.96 | 5.96 | 0.00 | 78434.90 | 0.00 | 0.00 | 0.00 |
| | | | | CK# 240100 | 574.24 AI | | | -35.38 | | |
| 01/03/14 | 12/06/13 | R | 0.00 | 836.98 | 574.24 | 85.55 | 78349.35 | -144.21 | 32.98 | 0.00 |
| | | | | CK# 240100 | | | | -179.59 | | |
| 05/05/14 | 01/06/14 | R | 1685.88 | 836.98 | 659.79 | 0.00 | 78349.35 | -144.21 | 32.98 | 0.00 |
| | | | | MonOrd | 1697.13 AI | | | -323.80 | | |
| 05/05/14 | 02/06/14 | R | 0.00 | 836.98 | 659.79 | 0.00 | 78349.35 | -144.21 | 32.98 | 0.00 |
| | | | | MonOrd | 1037.34 AI | | | -468.01 | | |
| 05/05/14 | | r | 0.00 | 11.92 | 0.00 | 0.00 | 78349.35 | -11.92 | 0.00 | 0.00 |
| | | | | MonOrd | 1037.34 AI | | | -479.93 | 32.98 | |
| 07/08/14 | 03/06/14 | R | 836.98 | 825.06 | 659.79 | 0.00 | 78349.35 | -132.29 | 32.98 | 0.00 |
| | | | | MonOrd | 1613.97 AI | | | -612.22 | | |
| 07/08/14 | | r | 0.00 | 11.92 | 0.00 | 0.00 | 78349.35 | -11.92 | 0.00 | 0.00 |
| | | | | MonOrd | 1613.97 AI | | | -624.14 | 32.98 | |
| 08/21/14 | | S | -160.00 | -160.00 | 0.00 | 0.00 | 78349.35 | 0.00 | 0.00 | -160.00 |
| | | | | Legal | 1613.97 AI | | | -624.14 | 32.98 | 160.00 |
| 10/24/14 | | S | -572.00 | -572.00 | 0.00 | 0.00 | 78349.35 | 0.00 | 0.00 | -572.00 |
| | | | | Legal | 1613.97 AI | | | -624.14 | 32.98 | 732.00 |
| 11/03/14 | | S | -216.50 | -216.50 | 0.00 | 0.00 | 78349.35 | 0.00 | 0.00 | -216.50 |
| | | | | Legal | 1613.97 AI | | | -624.14 | 32.98 | 948.50 |
| Annual Total: | | | 3365.80 | | 2559.57 | 85.55 | | 588.76 | 131.92 | 0.00 |
| Escrow Paid Out: | | | | | | | | 0.00 | | |
| Report Total: | | | 3365.80 | | 2559.57 | 85.55 | | 588.76 | 131.92 | 0.00 |
| Escrow Paid Out: | | | | | | | | 0.00 | | |
| Balances: | | | | | 1613.97 | | 78349.35 | -624.14 | 32.98 | 948.50 |

Payment types: R: Regular; r: Part pmt; P: Principal; L: Late; S: Service; E, T, I: Escrow, Tax, Ins; F: Returned chk or reversal; J: Adjustment; AI: Accrued Interest
Financial counseling is available at www.HUD.gov. Choose Resources, then HUD Approved Housing Counseling Agencies.
Note: Next payment is due. Update account before issuing payoff figures.

**Notepad Information:**
11/19/14 11:40 MAY Late1.txt To Printer Noconsole
10/29/14 14:18 MAY Spoke w/ Mr. Denny. He agreed to bring in $3k today to stop the foreclosure & start the refinance. Mr. Nash also spoke w/ him regarding the matter.
04/03/14 11:23 ANGIE Called Mrs Denny she didn't answer and I sent her an email on Insuance information
03/26/14 10:32 ANGIE Late3.txt To Printer Noconsole
03/14/14 14:49 ANGIE Late2.txt To Printer Noconsole
02/12/14 11:47 ANGIE Late1.txt To Printer Noconsole
12/30/13 16:44 Rusty Coupons To 12/31/14 To Printer Noconsole
05/23/13 15:14 Valerie printed coupons

EXHIBIT # 1

**D&N Funding, Inc.**
P.O. Box 3723
McAllen, TX 78502

: 956-682-2835

**Payment History**

Reference

Denny DennyDoug-RC D&N                     Page 2
Printed: 12/03/14      Period: 01/01/14 - 12/31/14

| Pay Date | Due/Type | Amount | Applied/Ref | Interest | Principal | Balance | Escrow | Late | Svc |
|---|---|---|---|---|---|---|---|---|---|
| 03/15/12 14:25 | Mary Lou Late2.txt To Printer Noconsole | | | | | | | | |
| 01/31/12 13:28 | Mary Lou Late1.txt To Printer Noconsole | | | | | | | | |
| 11/17/11 09:38 | Mary Lou Late1.txt To Printer Noconsole | | | | | | | | |
| 09/06/11 16:14 | Mary Lou Late1.txt To Printer Noconsole | | | | | | | | |
| 04/27/11 14:45 | Rusty Late1.txt To Printer Noconsole | | | | | | | | |
| 03/09/11 10:43 | Mary Lou Late1.txt To Printer Noconsole | | | | | | | | |
| 02/21/11 09:50 | Mary Lou Intro.txt To Printer Noconsole | | | | | | | | |
| 01/12/11 09:36 | Rusty Yearend.txt To Printer Noconsole | | | | | | | | |
| 01/10/11 11:12 | RustyLate1.txt | | | | | | | | |
| 09/01/10 14:58 | Mary LouLate2.txt | | | | | | | | |
| 08/02/10 16:30 | Mary Lou Late1.txt | | | | | | | | |
| 06/25/10 09:39 | Mary Lou Late2.txt | | | | | | | | |
| 06/10/10 14:38 | Rusty Late1.txt | | | | | | | | |
| 04/22/10 09:35 | Mary Lou Late2.txt | | | | | | | | |
| 04/07/10 13:40 | MaryLou Late1.txt | | | | | | | | |
| 03/03/10 09:47 | Mary Lou Late1.txt | | | | | | | | |
| 12/01/09 16:01 | Mary Lou Late1.txt | | | | | | | | |
| 04/01/09 08:41 | Mary LouLate1.txt | | | | | | | | |
| 03/03/09 09:23 | MaryLou Late2.txt | | | | | | | | |
| 02/09/09 14:30 | Mary Lou Late1.txt | | | | | | | | |
| 02/04/09 15:23 | Rusty Escr_ana.txt | | | | | | | | |
| 02/04/09 15:20 | Rusty Bp-escr_ana.txt | | | | | | | | |
| 12/16/08 09:48 | Mary Lou Late3.txt | | | | | | | | |
| 12/02/08 13:41 | Mary Lou Late2.txt | | | | | | | | |
| 11/17/08 13:21 | Mary Lou Late1.txt | | | | | | | | |
| 11/04/08 10:58 | Mary Lou Late2.txt | | | | | | | | |
| 10/15/08 09:37 | Mary Lou Late1.txt | | | | | | | | |
| 10/01/08 09:25 | Mary Lou Late2.txt | | | | | | | | |
| 09/15/08 15:09 | Mary Lou Late1.txt | | | | | | | | |
| 08/11/08 09:18 | Mary Lou Late1.txt | | | | | | | | |
| 06/24/08 15:38 | Mary Lou Late1.txt | | | | | | | | |
| 04/16/08 08:29 | Mary Lou Late2.txt | | | | | | | | |
| 04/08/08 13:10 | Mary Lou Late1.txt | | | | | | | | |
| 03/17/08 13:32 | Mary Lou Late1.txt | | | | | | | | |
| 12/21/07 10:32 | Rusty   Late1.txt | | | | | | | | |
| 12/03/07 16:20 | Rusty   Late1.txt | | | | | | | | |

EXHIBIT # 1

**D&N Funding, Inc.**  
P.O. Box 3723  
McAllen, TX 78502  
: 956-682-2835

**Payoff Statement**

Date Printed

12/03/14

Payor

Douglas Denny  
Monica Denny  
1924 Pin Oak  
Edinburg, TX 78539

Reference

Loan number: DennyDoug-RC  
Collateral: 1924 Pin Oak

Below you will find the payoff figures on the above referenced account. Escrow will be refunded to you separately after payoff. Contact us immediately if you have any questions. Thank you for your business.

| Last Pmt | Amount | Interest | Principal | Escrow | Late/Svc | Ref |
|---|---|---|---|---|---|---|
| 11/03/14 | -216.50 S | 0.00 | 0.00 | 0.00 | -216.50 | Legal |
| Balances | | 1613.97 | 78349.35 | -624.14 | 981.48 | |

Payoff amount as of 07/08/14         80944.80

Interest days (121.0)                2337.60  
Periodic late(32.98)/svc(0.00)        197.88  
Total through 11/06/14              83480.28

Daily interest accrual is:            19.32   (19.3190178)

Payoff on:        Payoff amount:

12/03/14           84034.87  
12/04/14           84054.19  
12/05/14           84073.51  
12/06/14           Pmt Due

EXHIBIT # 1